*437 OPINION OF THE COURT
Stuart C. Cohen, J.
Defendant Belle Israelite moves pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.
Plaintiff is the owner of condominium unit PH-B at 116 Central Park South and defendant is the tenant pursuant to a rent-stabilized lease agreement.
On or about May 23, 1994, plaintiff’s predecessor-in-interest petitioned the New York State Division of Housing and Community Renewal (DHCR) to have the apartment destabilized because the rent was over $2,000 per month and defendant’s income was over $250,000 per year. At the time the application was filed, defendant had a rent-stabilized lease scheduled to expire on January 31, 1995.
Plaintiff states that despite its statutory mandate, DHCR failed to issue an order by December 1, 1994, which would have been prior to expiration of defendant’s lease. An order deregulating the apartment was issued on February 7, 1995. Plaintiff further states that during the 120-150-day period prior to January 31, 1995 it "mistakenly offered the tenant a renewal lease * * * pursuant to the Rent Stabilization guidelines” (complaint para 20). Defendant signed and executed this lease.
Plaintiff claims that but for DHCR’s delay in processing the deregulation application, an order destabilizing the apartment would have been issued on or before December 1,1994. Plaintiff argues that if such order had been issued timely, it would not have been obligated to offer defendant a renewal lease.
In the first cause of action, plaintiff states that it entered the renewal lease with defendant "on the mistaken understanding that the tenant was entitled to a renewal while the petition was pending at DHCR” (complaint para 25). Plaintiff, therefore, seeks to rescind this renewal lease. In the second cause of action, plaintiff seeks a judgment of ejectment because the apartment is deregulated and the renewal lease should be rescinded.
Defendant’s motion to dismiss the complaint for failure to state a cause of action is granted. Plaintiff’s contentions that it mistakenly offered renewal lease to defendant while the deregulation application was pending at DHCR is erroneous as a matter of law. Plaintiff was legally obligated to issue defendant a renewal lease 120 to 150 days prior to expiration of her *438 prior lease (Rent Stabilization Code [RSC; 9 NYCRR] § 2523.5). There is nothing in the Code which exempts an owner from the obligation to offer a renewal lease merely because the owner has a pending petition to deregulate the apartment. The Code specifically limits the grounds for nonrenewal to situations such as where owner seeks occupancy for his or his immediate family’s use, or where the tenant fails to use the premises as his primary residence (RSC § 2524.4).
Furthermore, even if plaintiff failed to tender defendant a renewal lease because of the pending DHCR application, the lease would be deemed to be renewed (RSC § 2523.5 [c]). The Code specifically provides that: "the failure to offer a renewal lease pursuant to this section shall not deprive the tenant of any protections or rights provided by the RSL and this Code and the tenant shall continue to have the same rights as if the expiring lease were still in effect.” (RSC § 2523.5 [d].)
Accordingly, defendant was entitled to a renewal lease as a matter of law. The fact that there was a pending application to deregulate the apartment, that DHCR delayed in ruling on said application and that the apartment was subsequently deregulated are not grounds to deny defendant the rent-stabilized renewal lease to which she was legally entitled.